RECEIVED
JUL 15 2020
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **Jill C. Biggs**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-501 |
| | ) | Jury Trial Demanded |
| **Blue World Pools, Inc.**, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Jill C. Biggs, by and through the undersigned counsel, Anthony B. Bush of The Bush Law Firm, LLC, and hereby brings this Complaint against Blue World Pools, Inc. ("Blue World Pools" or "Defendant"), pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"), and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, as an individual consumer, seeks actual and statutory damages, punitive damages if applicable, along with injunctive and declaratory relief, against Blue World Pools for its knowing and willful violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (hereinafter referred to as "FCRA").

2. Plaintiff brings this action to redress the actions of Blue World Pools in knowingly obtaining Plaintiff's consumer credit report without a permissible purpose, in violation of the FCRA, pursuant to 15 U.S.C. § 1681, *et seq.*

3. The facts in this case involve a situation where Blue World Pools willfully failed to follow federal laws designed to, at least in part, protect consumers from the unlawful access of

1

their sensitive personal information.

4. Blue World Pools willfully and knowingly obtains consumer credit reports despite consumers specifically instructing Blue World Pools not to engage in any credit inquiry.1 Blue World Pools obtains credit reports through "hard" credit pulls, which results in significant harm including, but not limited to, a decrease in the consumer's FICO credit score and the disclosure of a consumer's private and sensitive information.

5. As alleged, Blue World Pools knowingly and willfully violated Plaintiff's rights by obtaining her consumer credit report despite having knowledge that Plaintiff did not consent to said action, and further, despite having knowledge that there is and/or was no permissible purpose for said action.

6. Blue World Pool's violations of Plaintiff's rights, as alleged herein, occurred in Barbour County, Alabama, and were committed within the Northern Division of the United States District Court for the Middle District of Alabama.

**PARTIES**

7. Plaintiff, Jill C. Biggs, is a natural person and a resident and citizen of Autauga County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant, Blue World Pools, Inc., is a Foreign Corporation engaged in the business of furnishing consumers with credit in the State of Alabama. Blue World Pools is a financial institution as that term is defined within 15 U.S.C. § 1681a(t) of the FCRA. Blue World Pools is

---

1 A quick search using www.google.com reveals that other consumers have experienced an unauthorized hard inquiry of their credit disclosure files.

a "furnisher of information" as that term is defined by § 1681s-2.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and the FCRA, 15 U.S.C. § 1681p. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Venue is appropriate and proper in the Middle District of Alabama pursuant to 28 U.S.C. § 1391 as Defendant engages in substantial business activity in this District.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates the aforesaid allegations as if fully set forth herein.

12. In or around early- to mid- May 2020, Plaintiff, after having viewed an advertisement, contacted Blue World Pools, via telephone, for an approximate proposal to install an above-ground pool at her residence.

13. During the aforesaid telephone call, Blue World Pool's representative requested the address to Plaintiff's residence and Plaintiff provided the same.

14. The representative attempted to schedule a date and time for a salesperson to visit Plaintiff's residence at which time Plaintiff confirmed that she simply wanted an approximate proposal to install a pool at her residence.

15. Plaintiff did not sign any documents for Blue World Pools.

16. Plaintiff did not give permission for a hard inquiry of her credit disclosures or reports to Blue World Pool. In fact, Plaintiff specifically stated that she was not willing to have her credit disclosures pulled for the proposal to install an above-ground pool.

17. Nevertheless, on April 26, 2020, Blue World Pools conducted a hard inquiry against

3

Plaintiff's credit disclosure file.

18.     As a result of the aforesaid hard inquiry, Plaintiff's FICO score was reduced by twenty (20) points.

19.     Plaintiff has diligently engaged in efforts to rebuild her credit; and, at the time of the aforementioned hard pull, was nearing a FICO score that would allow her to finance and/or refinance a home.

20.     Plaintiff did not have a business relationship with Blue World Pools in April 2020 and Blue World Pool's internal records will establish the same.

21.     Plaintiff did not authorize Blue World Pools to access her credit files in April 2020 and Blue World Pool's internal records will establish the same.

22.     Blue World Pool's internal records will establish that Plaintiff simply requested a proposal for the installation of an above-ground pool in April 2020.

23.     Blue World Pools intentionally and falsely misrepresented to Equifax, Experian and/or Trans Union that Plaintiff had authorized Blue World Pools to access her credit file in April 2020 and/or that Plaintiff had a current credit relationship with Blue World Pools in April 2020.

24.     Plaintiff did not authorize Blue World Pools to implement a hard inquiry in April 2020.

25.     Plaintiff did not receive credit from Blue World Pools in April 2020.

26.     In April 2020, Blue World Pools knowingly and willfully accessed and obtained Plaintiff's credit file without the authorization and/or consent of Plaintiff.

27.     Blue World Pools has engaged in a pattern and practice of accessing consumers' reports without a permissible purpose.

28.     Blue World Pools has engaged in a pattern and practice of accessing consumers'

reports with knowledge of the lack of a permissible purpose.

29. Blue World Pools undertook such actions with malice, recklessness, wantonness and willfulness.

30. Blue World Pools had knowledge that its actions would likely harm and injury Plaintiff.

31. Blue World Pools had knowledge that its actions were in violation of the law.

32. Blue World Pools, both negligently and willfully, violated the FCRA by impermissibly obtaining Plaintiff's consumer credit report in April 2020.

33. Blue World Pool's conduct has caused harm and injury to Plaintiff in the form of invasion of privacy and diminished credit scores.

34. According to Fair Isaac and Company ("FICO"), credit inquiries are 10% of a consumer's overall FICO score.[2]

35. As a result of Blue World Pool's conduct, Plaintiff has suffered injury to her reputation.

36. As a result of Blue World Pool's conduct, Plaintiff has suffered injury to her credit rating.

37. As a result of Blue World Pool's conduct, Plaintiff has suffered a diminished credit line and/or diminished borrowing capacity.

38. Because of Blue World Pool's conduct, Plaintiff is entitled to actual damages, statutory damages, punitive damages, attorney's fees and all other appropriate measures to punish and deter similar future conduct by Blue World Pools.

---

[2] https://www.myfico.com/credit-education/credit-scores/new-credit, last visited June 18, 2020.

39. The intentional, reckless, and willful violations of the FCRA of Blue World Pools have resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer mental distress, mental and physical pain, embarrassment, frustration and humiliation and loss of money which Plaintiff will in the future continue to suffer the same.

## COUNT ONE
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681, *et seq.*

40. Plaintiff restates and reiterates herein all previous paragraphs.

41. Plaintiff is a "consumer" as defined by the FCRA.

42. Blue World Pools is a "person" as defined by the FCRA.

43. Blue World Pools violated 15 U.S.C. § 1681b(f) by obtaining consumer reports without authorization by the consumer and without any permissible purpose authorized under 15 U.S.C. § 1681b.

44. Blue World Pool's conduct is and was willful.

45. Blue World Pools knew that it was not authorized to obtain Plaintiff's credit report, had no permissible purpose to do so, and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681b.

46. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

47. Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

48. Plaintiff is entitled to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

49. Plaintiff is entitled to recover her costs and fees pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Blue World Pools by this Court for the following:

a) determining that Blue World Pools committed multiple and separate violations of the FCRA;

b) determining that Blue World Pools acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

c) awarding appropriate equitable relief including, but not limited to, an injunction forbidding Blue World Pools from engaging in further unlawful conduct in violation of the FCRA;

d) awarding statutory damages and punitive damages as provided by the FCRA;

e) awarding reasonable attorney's fees and costs;

f) awarding Plaintiff treble damages where appropriate; and

g) granting such other and further relief, in law or equity, as this Honorable Court may deem just and appropriate.

**RESPECTFULLY SUBMITTED** this 15th day of July 2020.

/s/ Anthony B. Bush
Anthony Brian Bush (BUS028)

**OF COUNSEL:**
Anthony B. Bush
THE BUSH LAW FIRM, LLC
Counsel for Plaintiff
Parliament Place Professional Center
3198 Parliament Circle 302
Phone:        (334) 263-7733
Facsimile:    (334) 832-4390
Email: anthonybbush@yahoo.com
       abush@bushlegalfirm.com